UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER BURDGE,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BOB KUSTRA, ANN HUBBERT, ALICIA ESTEY, TIM DUNNAGAN, and RON PFEIFFER,<br><br>　　　　　　Defendants. | Case No. 1:15-CV-00124-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

On December 20, 2015, United States Magistrate Judge Candy W. Dale issued a Report and Recommendation in this matter. Dkt. 28. Pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho Loc. Civ. R. 72.1(b) , the parties had fourteen days in which to file written objections to the Report and Recommendation. A Response to Magistrate Judge Dale's Court Report was filed by Plaintiff on January 12, 2016. Dkt. 30. Defendants filed a Response to Plaintiff's Objection to Report and Recommendation on January 26, 2016. The matter is now ripe for this Court's review.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Moreover, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th

**ORDER ON REPORT AND RECOMMENDATION- 1**

Cir. 2003), the court interpreted the requirements of 28 U.S.C. 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005).

The Court adopts the factual and procedural facts as set forth by Judge Dale.

**1. Factual Background**[1]

At the beginning of the Fall 2014 semester, Boise State University advertised the School of Nursing would provide a free meningitis vaccine clinic to its students and faculty on August 22 and 26 and on September 9 and 24. *See* Compl. Ex A. (Dkt. 1-1 at 3.) The specific meningitis vaccine available was MCV4, and was provided to BSU through a grant from the United States Centers for Disease Control and Prevention. It is undisputed MCV4 is labeled and CDC-approved for ages two through fifty-five. The

---

[1]For the purposes of Defendant's Motion to Dismiss, this background section accepts as true the allegations raised in Burdge's Complaint and the uncontroverted allegations in the affidavits filed with the instant motion. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). The Court considers any disputed material facts in the light most favorable to Burdge. *Id.*

**ORDER ON REPORT AND RECOMMENDATION- 2**

CDC did not provide BSU with a meningitis vaccine for individuals over the age of fifty-five.

Plaintiff Christopher Burdge is a student at BSU. Though Burdge does not specify his actual age in his complaint, he indicates he is at least sixty years of age. On August 22, 2014, Burdge attended the meningitis vaccine clinic. He completed a medical evaluation form; attached to the form was a brochure on the MCV4 vaccine. The MCV4 vaccine brochure states the range for the vaccine is age two through fifty-five. Despite the age limit, Burdge assumed there was either an "on the spot waiver by the supervisor nurse on request from Plaintiff or that there would be the alternative and older version of the vaccine which covered all ages." Compl., p. 12 (Dkt. 1 at 12).

Upon review of Burdge's medical evaluation form, Burdge was deemed ineligible to receive the vaccine because he was over the age of fifty-five. The supervising nurse explained to Burdge he would need to see his primary care provider to receive the vaccine. Burdge spoke to Defendants, various officials at BSU, regarding his ineligibility for the free meningitis vaccine.

Defendants offered Burdge alternative options to receive a meningitis vaccine. First, Defendant Ann Hubbert, Director of the Nursing College, told Burdge he could receive the MCV4 vaccine at the BSU free clinic if he obtained a note from his physician, indicating he was "at risk to acquire meningitis," and recommending he receive the vaccine on an "off label prescribed" basis. Compl. at Ex. D. (Dkt. 1-4 at 1.)

Burdge declined this offer.[2]

Next, Alicia Estey, Executive Director of Institutional Compliance, told Burdge he could visit BSU's Director of Medical Services, Vincent Serio, M.D., to determine if Burdge was at risk for contracting meningitis. If he was, Dr. Serio would administer the vaccination to Burdge, at no cost. She recommended alternatively Burdge could contact St. Luke's Travel Medicine department to determine if he was a suitable candidate for Menomune (MPVS4), a meningococcal vaccine licensed for the use for individuals over the age of fifty-five. If he was a candidate for the vaccine, she informed Burdge BSU would cover the costs associated with administration of the vaccine. Burdge considered Estey's offers as "bribes" and declined them both.

On September 8, 2014, Burdge sent a "Final Notice" email to Bob Kustra, BSU President, informing him of his intention to seek legal action if the MCV4 vaccine was not made available to him by the following day, September 9, 2014, at the vaccine clinic.[3]  Burdge attended the September 9, 2014 vaccine clinic, but the Nursing College declined to administer the MCV4 vaccine to him because Burdge was over the age of fifty-five. On September 16, Burdge reiterated to BSU Dean of Students, Christian Wuthrich, his demand to receive the vaccine,

---

[2] Defendants Tim Dunnagan and Ron Pheiffer (Dean and Associate Dean of the College of Health Sciences) agreed with Hubbert, Burdge would need physician approval if he wanted to obtain the MCV4 vaccine at the BSU free clinic. Compl., Ex. F. (Dkt. 1-5 at 1.)

[3] In addition, Burdge demanded there be a formal correction to BSU's policy on age discrimination specific to the Meningitis vaccine, and also that Kustra issue a complete, thorough, and humble apology to Burdge.

**ORDER ON REPORT AND RECOMMENDATION- 4**

this time by September 26, 2014 (the last day of the vaccine clinic). Again, and for the same reason as before, the Nursing College did not administer the vaccine to Burdge.[4]

### 2. Procedural Background

Burdge has acknowledged that, before he could bring an action pursuant to the Age Discrimination Act 42 U.S.C. § 6101 in this Court against BSU, the Act required him to submit an administrative complaint to the United States Department of Education, Office of Civil Rights (OCR) for permission to sue.[5] Burdge filed an administrative complaint with the OCR alleging that BSU violated the Age Discrimination Act by denying his access to the meningitis vaccine because of his age. On April 7, 2015, the OCR gave Burdge permission to proceed against BSU with the allegations made in his complaint for injunctive relief. Burdge declined the opportunity. On April 8, 2015, Burdge emailed OCR as follows:

> In my belief the best injunction is to burn the individuals financially and career wise at the stake as an example for others who will take their positions. I may still [pursue] an injunctive relief action under the Age Discrimination Act of

---

[4] Other than "humiliation," Burdge does not indicate whether he was at risk for, or contracted, meningitis. *See* Response to Motion to Dismiss (Dkt. 7 at 11) (Burdge indicates Defendants' actions "humiliated" him and caused not only "mental harm but personal loss of relationships of those at BSU who did not fully understand the depths of deprivation inflicted on the Plaintiff").

[5] Denying his access to the meningitis vaccine because of his age. On April 7, 2015, the OCR gave Burdge permission to proceed against BSU with the allegations made in his complaint for injunctive relief. Burdge declined the opportunity. On April 8, 2015, Burdge emailed OCR as follows:

**ORDER ON REPORT AND RECOMMENDATION- 5**

>> 1975 but right now my focus is the 1983 suit to go after those involved…. With BSU left off the suit leaves me the option of going after it at a later date….

Compl. (Dkt. 1 at 28.)

On April 13, 2015, Burdge filed his Complaint against the Defendants individually named in this action. However, Burdge is less than clear about his allegation(s) against Defendants. Specifically, the complaint states: "[t]his case is filed under 42 U.S.C. § 1983 et seq. (Federal Law) for violation of Plaintiffs[sic] rights under the Age Discrimination Act of 1975- Title 42 U.S.C. 6101 et seq. (Federal Law) as protected by the Equal Protection Clause and Due Process Clause of the Fourteenth Amendment to the United States Constitution."[6] Compl. (Dkt. 1 at 2.) Burdge is suing each defendant in his or her individual capacity for monetary relief.

On May 6, 2015, Defendants filed a motion to dismiss the entirety of Burdge's complaint. (Dkt. 4.) Defendants interpret the complaint as alleging one cause of action— a violation of the Age Discrimination Act brought under 42 U.S.C. §1983—and developed their motion to dismiss around that one cause of action. Specifically, Defendants move to dismiss on the grounds the Court lacks subject matter jurisdiction because, Defendants argue, there is no private right of action for monetary damages under the Age Discrimination Act and because Burdge failed to comply with the notice requirements of the Act before suing the individual Defendants. They move

---

[6]Burdge restates variations of this phrase, including reference to "violation of the Age Discrimination Act of 1975," at least fourteen times throughout his complaint.

**ORDER ON REPORT AND RECOMMENDATION- 6**

also for dismissal on the ground Burdge's claim fails to state a plausible claim for relief. Alternatively, Defendants raise the defense of qualified immunity.

In his response, Burdge attempts to clarify the claims alleged in his complaint. He argues: "Plaintiff **DID NOT** file under 42 U.S.C. § 6101 (against BSU the "*institution*") for injunction or legal fees and instead filed under § 1983 for violation of Due Process and Equal Protection solely against the 5 individual Defendants in their Individual Capacity." Resp. (Dkt. 7 at 2) (emphasis in original). Specifically, he argues the Defendants violated his Fourteenth Amendment Due Process and Equal Protection rights by violating the Age Discrimination Act and Boise State University Policy Rule 1060. *Id*. (Dkt. 7 at 7.)[7] He contends his age discrimination claim can proceed under Section 1983 because the Age Discrimination Act is not the exclusive remedy for age discrimination.

In their reply, Defendants maintain the complaint alleges only one plausible cause of action for a violation of the Age Discrimination Act, and argue also Burdge's age discrimination claim cannot be brought under Section 1983 because the Age Discrimination Act is the exclusive remedy for age discrimination in education. Further, without waiving their argument that the complaint contains only one cause of action, Defendants contend for the purpose of their motion to dismiss, that if Burdge's complaint contains equal protection and due process causes of action, those claims are subject to dismissal for failure to state a claim.

---

[7]According to Boise State University Policy 1060, age is considered a "protected class."

**ORDER ON REPORT AND RECOMMENDATION- 7**

### 3. Objections

In this case, Judge Dale determined Plaintiff cannot seek monetary damages directly under the Age Discrimination Act. This Court agrees. *See Long v. Fulton County School Dist.*, 807 F. Supp. 2d 1274 (N.D. Ga. 2011). Plaintiff does not seem to object to this legal conclusion. Instead, Plaintiff now claims his action for monetary damages was *not* filed pursuant to the Age Discrimination Act, but pursuant to 42 U.S.C. § 1983. Judge Dale determined that pursuant to related Supreme Court and Ninth Circuit precedents, the remedial schemes of Titles I and II of the Americans with Disabilities Act are sufficiently comprehensive to foreclose Plaintiff's claims based on disability discrimination pursuant to 42 U.S.C. § 1983. *See Stenhenko v. Albee*, 42 F. Supp. 3d 1281, 1292 (N.C. Cal. 2014); *Vinson v. Thomas,* 288 F.3d 1145, 1155 (9th Cir. 2002); *Middlesex Co. Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 20 (1981); *Buckley v. City of Redding*, 55 F.3d 188, 193 (9th Cir. 1995); *Ahlmeyer v. Nevada System of Higher Education*, 555 F.3d 1051 (9th Cir. 2009). *Ahlmeyer* held the Age Discrimination in Employment's Act remedial scheme precludes § 1983 action and by analogy the same conclusion is reached regarding the Age Discrimination Act in this case.

Plaintiff argues that the *Levin v. Madigan*, 692 F.3d 607 (7th Cir. 2012) case is binding precedent on this Court as "the law of the land." Plaintiff is mistaken. The Supreme Court did not decide *Levin* on its merits. Instead, the Supreme Court held the writ of certiorari for the *Levin* appeal was "improvidently granted" and the Supreme Court denied hearing the case. *Madigan v. Levin*, 134 S. Ct 2 (2013) (per curiam).  This

**ORDER ON REPORT AND RECOMMENDATION- 8**

means the Seventh Circuit decision in *Levin* is the law of the Seventh Circuit. But *Levin* is **not** the law of the Ninth Circuit and Judge Dale, as well as this Court, must apply Ninth Circuit law until the law of the Ninth Circuit is changed.

This Court adopts as its own Judge Dale's analysis that seeking monetary damages pursuant to the Age Discrimination Act or 42 U.S.C. § 1983 is not allowed under the facts of this case. For these reasons, the Court denies Plaintiff's objections and finds *all* of his claims must be dismissed for failure to state a claim upon which relief can be granted.

**4. Order**

**THEREFORE, IT IS ORDERED:**

1. The Report and Recommendation (Dkt. 28) is **INCORPORATED** by reference and **ADOPTED** in its entirety.

2. Defendants' Motion to Dismiss (Dkt. 4) is **GRANTED** and the case is **DISMISSED IN ITS ENTIRETY.**

DATED:  **February 2, 2016**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER ON REPORT AND RECOMMENDATION- 9**